# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS, <br><br> Plaintiff, <br><br> v. <br><br> ECHAVARRIA, <br><br> Defendant. | Case No. 1:18-cv-01005-AWI-BAM (PC) <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Leobardo Eric Ramos is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's first amended complaint, filed on August 20, 2018, is currently before the Court for screening. (ECF No. 11.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the Sierra Conservation Center in Jamestown, California. Plaintiff names Correctional Officer Echavarria as the sole defendant.

Plaintiff alleges that his Eighth Amendment rights were violated by Officer Echavarria challenging Plaintiff to a fight. In relevant part, Plaintiff alleges that on May 11, 2018, he was attempting to squash a debit in C-section with a rack of cookies, but the gentleman refused Plaintiff's offer. Plaintiff then decided to lock up in his cell. Before he reached A-section, Plaintiff was confronted by tower guard S. Hansen. Guard Hansen asked Plaintiff where he lived. After Plaintiff responded, Guard Hansen told Plaintiff to wait. Plaintiff took a seat and heard Guard Hansen coaching Officer Echavarria to take Plaintiff's cookies. Officer Echavarria then asked Plaintiff if he had a receipt for the cookies. Plaintiff told him yes, and Officer Echavarria said to give him the cookies.

Aware that the officers were going to take the cookies from him, Plaintiff refused to surrender his canteen. He had no disciplinary action to prevent him from having canteen, so

Plaintiff walked into his cell and closed the door. Officer Echavarria opened the door, curious to see the receipt. Plaintiff placed the cookies on the middle top locker and looked in his receipt file. Officer Echavarria became frustrated and decided to step inside the cell and get the cookies. Plaintiff walked outside to let Officer Echavarria know that he had a receipt. Officer Echavarria then stated, "What you gonn do about it bitch." (ECF No. 11 at 5.) Plaintiff got agitated and then walked into his cell. Officer Echavarria walked in front of Plaintiff's cell and challenged him to a fight.

Plaintiff's cellmate left the cell at Officer Echavarria's direction. Plaintiff and Officer Echavarria exchanged disrespectful words and threats, on the brink of a serious, violent fight. Plaintiff alleges that there is evidence of this on recorded phone calls. Officer Echavarria eventually walked away, leaving Plaintiff's door open. Plaintiff grabbed some cold coffee and threw it on Officer Echavarria. Officer Echavarria disposed of Plaintiff's cookies on the tier. A-section heard and witnessed the scene, and Ferry Martinez reportedly filed a grievance related to the events.

The following day, May 12, 2018, Officer Echavarria led officers to search the building where Plaintiff lived. Officer Echavarria also searched Plaintiff's cell in an act of retaliation. Plaintiff appears to allege that other inmates were told by staff that the building search was the fault of Plaintiff's cell.

Plaintiff contends that the incident effected his mental health status. He became anxious, cutting his arms and neck. He was rushed for a medical evaluation and sent to a crisis bed to be observed for suicidal tendencies. Plaintiff alleges that according to doctors, he was dealing with a variety of mental illnesses during the event on May 11, 2018. Plaintiff claims he was living in fear because officers were setting him up to get beat up by others due to their property being taken. His mental health diagnoses include ADHD, chronic anger, chronic depression, border line personality disorder, anti-social personality disorder, and PTSD. Plaintiff asserts that it is difficult for him to deal with cops, especially when they appear aggressive like Officer Echavarria.

Plaintiff alleges that Officer Echavarria has numerous grievances against him in his work file. Plaintiff further alleges that he "got the community together to agree this officer pursued retaliation [on May 12, 2018] they signed the 602 grievance under Ferry Martinez name." (ECF

No. 11 at 6.) Officer Echavarria reportedly never apologized for disposing of Plaintiff's canteen, despite admitting it at Plaintiff's 115 hearing.

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim upon which relief may granted. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Eighth Amendment – Verbal Conduct

To the extent Plaintiff seeks to impose liability against Officer Echavarria arising out of verbal threats, assaultive comments or harassment, he may not do so. Allegations of verbal abuse or harassment fail to state a constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Plaintiff's complaint thus fails to state a cognizable claim against Officer Echavarria based on a verbal exchange with Plaintiff, including threats or otherwise challenging Plaintiff to a fight.

#### B. First Amendment - Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff alleges that Officer Echavarria retaliated against him by ordering or participating in a building and cell search. However, Plaintiff's complaint does not include any allegations to suggest that Plaintiff engaged in any protected activity prior to the search, such as the filing of grievance, staff complaint or litigation. Further, Plaintiff's complaint does not include any allegations suggesting that Officer Echavarria undertook any adverse actions against Plaintiff because of any protected conduct. The Court therefore finds that Plaintiff's complaint fails to state

a cognizable retaliation claim against Officer Echavarria.

### C. Destruction of Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff appears to complain about the wrongful, unauthorized taking and destruction of his canteen item(s). Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff's complaint fails to state a cognizable claim for the alleged deprivation of his personal property.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE