# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO ERIC RAMOS,<br><br>        Plaintiff,<br><br>v.<br><br>ECHAVARRIA,<br><br>        Defendant. | Case No. 1:18-cv-01005-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Leobardo Eric Ramos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2018, the Court granted Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal. (ECF No. 20.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order. (Id. at 6.) The deadline for Plaintiff to file a first amended complaint expired on January 30, 2019, and he has not complied with the Court's order or otherwise communicated with the Court.

**II.    Failure to State a Claim**

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**B. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the Sierra Conservation Center in Jamestown, California. Plaintiff names Correctional Officer Echavarria as the sole defendant.

Plaintiff alleges that his Eighth Amendment rights were violated by Officer Echavarria challenging Plaintiff to a fight. In relevant part, Plaintiff alleges that on May 11, 2018, he was

2

attempting to squash a debit in C-section with a rack of cookies, but the gentleman refused Plaintiff's offer. Plaintiff then decided to lock up in his cell. Before he reached A-section, Plaintiff was confronted by tower guard S. Hansen. Guard Hansen asked Plaintiff where he lived. After Plaintiff responded, Guard Hansen told Plaintiff to wait. Plaintiff took a seat and heard Guard Hansen coaching Officer Echavarria to take Plaintiff's cookies. Officer Echavarria then asked Plaintiff if he had a receipt for the cookies. Plaintiff told him yes, and Officer Echavarria said to give him the cookies.

Aware that the officers were going to take the cookies from him, Plaintiff refused to surrender his canteen. He had no disciplinary action to prevent him from having canteen, so Plaintiff walked into his cell and closed the door. Officer Echavarria opened the door, curious to see the receipt. Plaintiff placed the cookies on the middle top locker and looked in his receipt file. Officer Echavarria became frustrated and decided to step inside the cell and get the cookies. Plaintiff walked outside to let Officer Echavarria know that he had a receipt. Officer Echavarria then stated, "What you gonn do about it bitch." (ECF No. 11 at 5.) Plaintiff got agitated and then walked into his cell. Officer Echavarria walked in front of Plaintiff's cell and challenged him to a fight.

Plaintiff's cellmate left the cell at Officer Echavarria's direction. Plaintiff and Officer Echavarria exchanged disrespectful words and threats, on the brink of a serious, violent fight. Plaintiff alleges that there is evidence of this on recorded phone calls. Officer Echavarria eventually walked away, leaving Plaintiff's door open. Plaintiff grabbed some cold coffee and threw it on Officer Echavarria. Officer Echavarria disposed of Plaintiff's cookies on the tier. A-section heard and witnessed the scene, and Ferry Martinez reportedly filed a grievance related to the events.

The following day, May 12, 2018, Officer Echavarria led officers to search the building where Plaintiff lived. Officer Echavarria also searched Plaintiff's cell in an act of retaliation. Plaintiff appears to allege that other inmates were told by staff that the building search was the fault of Plaintiff's cell.

///

3

Plaintiff contends that the incident effected his mental health status. He became anxious, cutting his arms and neck. He was rushed for a medical evaluation and sent to a crisis bed to be observed for suicidal tendencies. Plaintiff alleges that according to doctors, he was dealing with a variety of mental illnesses during the event on May 11, 2018. Plaintiff claims he was living in fear because officers were setting him up to get beat up by others due to their property being taken. His mental health diagnoses include ADHD, chronic anger, chronic depression, border line personality disorder, anti-social personality disorder, and PTSD. Plaintiff asserts that it is difficult for him to deal with cops, especially when they appear aggressive like Officer Echavarria.

Plaintiff alleges that Officer Echavarria has numerous grievances against him in his work file. Plaintiff further alleges that he "got the community together to agree this officer pursued retaliation [on May 12, 2018] they signed the 602 grievance under Ferry Martinez name." (ECF No. 11 at 6.) Officer Echavarria reportedly never apologized for disposing of Plaintiff's canteen, despite admitting it at Plaintiff's 115 hearing.

**C. Discussion**

**1. Eighth Amendment – Verbal Conduct**

To the extent Plaintiff seeks to impose liability against Officer Echavarria arising out of verbal threats, assaultive comments or harassment, he may not do so. Allegations of verbal abuse or harassment fail to state a constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Plaintiff's complaint thus fails to state a cognizable claim against Officer Echavarria based on a verbal exchange with Plaintiff, including threats or otherwise challenging Plaintiff to a fight.

**2. First Amendment - Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

4

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff alleges that Officer Echavarria retaliated against him by ordering or participating in a building and cell search. However, Plaintiff's complaint does not include any allegations to suggest that Plaintiff engaged in any protected activity prior to the search, such as the filing of grievance, staff complaint or litigation. Further, Plaintiff's complaint does not include any allegations suggesting that Officer Echavarria undertook any adverse actions against Plaintiff because of any protected conduct. The Court therefore finds that Plaintiff's complaint fails to state a cognizable retaliation claim against Officer Echavarria.

### 3. Destruction of Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff appears to complain about the wrongful, unauthorized taking and destruction of his canteen item(s). Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff's complaint fails to state a cognizable claim for the alleged deprivation of his personal property.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

5

within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.    Discussion**

Here, the action has been pending since July 2018, and Plaintiff's second amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;

Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's December 28, 2018 order expressly warned Plaintiff that his failure to comply with that order would result in a dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.  (ECF No. 20, p. 6.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.    Conclusion and Recommendations**

Accordingly, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey the Court's December 28, 2018 order (ECF No. 20), and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 8, 2019**          /s/ Barbara A. McAuliffe           
                                                                   UNITED STATES MAGISTRATE JUDGE